Filed 2/9/16  P. v. Valenzuela CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>OMAR VALENZUELA,<br><br>    Defendant and Appellant. | F069488<br><br>(Super. Ct. No. DF011167A)<br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Michael L. Pinkerton, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna and Nora S. Weyl, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]Before Kane, Acting P.J., Peña, J. and Smith, J.

## INTRODUCTION

Appellant Omar Valenzuela was convicted of possession for sale of heroin (Health & Saf. Code, § 11351) and possession of controlled substances where prisoners are in custody (Pen. Code,[1] § 4573.6). In a court trial it also was found true that he had two prior strike convictions. During the People's case-in-chief, Valenzuela brought a motion for mistrial, which was denied. Valenzuela contends the trial court abused its discretion in denying his mistrial motion and the judgment should be reversed. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On October 7, 2012, Correctional Officer Estevan Becerra was assigned to contraband surveillance watch. Valenzuela, one of the inmates Becerra was watching at Kern Valley State Prison, informed the officer he needed to defecate. Valenzuela defecated into a porta potty and Becerra examined the bowel movement. Becerra observed a blue balloon and upon closer inspection, saw the balloon contained three smaller bindles. One bindle had the mark "XX" on the exterior.

The bindles appeared to contain marijuana and heroin. Lab analysis determined the three bindles contained 4.09 grams of marijuana, 16.97 grams of heroin, and the bindle marked XX had 7.11 grams of heroin.

Correctional Sergeant Jerome Peacock investigated drug trafficking in the prison as part of his duties. In his experience, drugs brought into the prison were packaged in bindles and sometimes the bindles were inside latex balloons. A common method of distributing drugs inside the prison was for a "mule," a person who transported drugs, to swallow them or secrete them inside his rectum. After retrieving the drugs from his body, the mule would then give them to the intended recipient.

Peacock opined the bindles recovered from Valenzuela that contained heroin had a value of about $9,600; the marijuana recovered had a value of around $400. The amount

[1]References to code sections are to the Penal Code unless otherwise specified.

2.

of heroin in the bindles was around 240 doses, a larger amount than an individual user would normally possess for personal use.

Valenzuela was charged in count 1 with possession of heroin for sale and in count 2 with possession of controlled substances where prisoners are in custody. It also was alleged that Valenzuela had two prior strike convictions.

In motions in limine, Valenzuela moved to exclude any testimony from Peacock indicating the bindle marked XX would be delivered to another person. An Evidence Code section 402 hearing was held on the motion. After testimony from Peacock at the hearing and argument from the parties, the trial court ruled there was "sufficient foundation" for Peacock to "testify that the marking of bindles or other packages of narcotics … indicate that those bindles or other packages are destined for more than one individual … [and] for him to opine that the observation of a situation where one set of bindles is marked and others are not indicates that they are for more than one person."

Trial by jury commenced April 7, 2014. At trial, the prosecutor asked Peacock about the XX mark on the bindle:

"Q. Is that significant to you? [¶] … [¶]

"A. Well, that would tell me that the different bindles are being differentiated for a purpose."

The defense objected to this response and the trial court indicated the answer was "speculative" and asked the prosecutor to rephrase the question.

"Q. Why is it significant to you that one of the bindles had two X's on it?

"A. The significance to me would be that it was being marked for a purpose for—to differentiate it from the others, that it would be belonging to someone else."

Defense counsel objected to the answer; the trial court sustained the objection and struck the answer. The trial court explained that its in limine order was only intended to permit the officer to testify *generally* that bindles are *typically* marked to identify to whom they

belong; but here the officer testified why these particular bindles were marked, which the court deemed speculation.

After this exchange, the jurors were excused and the defense made a motion for mistrial based upon a violation of the ruling on the motion in limine. The trial court denied the motion. The jury was returned to the courtroom and was reminded a question had been asked and answered; and the trial court sustained an objection to the answer and struck the answer. The trial court then informed the jury that "when testimony is stricken from the record you are to disregard and not consider that testimony in any way."

On April 9, 2014, the jury found Valenzuela guilty of counts 1 and 2. Following a bifurcated court trial, the special allegations were found true.

Valenzuela was sentenced to an eight-year prison term on count 1; an eight-year term for count 2 was stayed pursuant to section 654; and various fines and fees were imposed.

On May 29, 2014, Valenzuela filed a notice of appeal.

## DISCUSSION

Valenzuela's sole contention on appeal is that the trial court abused its discretion in denying his mistrial motion.

### Standard of Review

An appellate court reviews a denial of a mistrial motion for abuse of discretion. (*People v. Lewis* (2008) 43 Cal.4th 415, 501.) A trial court should grant a mistrial only if it ""'is apprised of prejudice that it judges incurable by admonition or instruction.'"" (*Ibid.*) In assessing whether prejudice is incurable, "'a trial court has considerable discretion.'" (*Ibid.*)

### Analysis

Valenzuela contends the testimony was prejudicial because it went to the ultimate issue of whether the bindles were possessed for sale. There was other evidence the bindles were possessed for purposes of sale. Peacock opined the quantity of drugs—240

4.

individual doses of heroin—indicated the drugs were possessed for sale; and prisoners generally did not buy drugs for personal use in large quantities. Peacock also testified the method of packaging in multiple bindles was indicative of possession for sale.

Peacock's testimony about the meaning of the XX marking did not result in prejudice incurable by admonition or instruction. Peacock's testimony on the challenged point was extremely brief. Defense counsel objected immediately to Peacock's answer; the trial court sustained an objection and struck the answer and then admonished the jury to disregard the answer. In fact, the trial court admonished the jury on three occasions to disregard any testimony stricken from the record: prior to presentation of evidence, following the denial of the mistrial motion, and at the close of evidence.

When instructing the jury at the close of evidence, the trial court stated: "If I ordered testimony stricken from the record, you must disregard it and must not consider that testimony for any purpose." We presume jurors understand and follow the trial court's instructions. (*People v. Edwards* (2013) 57 Cal.4th 658, 746.)

Where the excluded evidence was sought to be introduced on a single occasion through one witness whose answer was objected to, the objection was sustained and the testimony was stricken, the admonitions and jury instruction are sufficient to cure any possible prejudice. (*People v. Babick* (2014) 229 Cal.App.4th 1238, 1250.)

Given the strength of the evidence, the brevity of the challenged testimony, the trial court's admonition, and the jury instructions, we conclude the trial court did not abuse its discretion in denying the mistrial motion. (*People v. Lewis*, *supra*, 43 Cal.4th at p. 501.) For the same reasons, we reject Valenzuela's due process claim because he suffered no harm from the stricken testimony. (*People v. Bolden* (2002) 29 Cal.4th 515, 555.)

## DISPOSITION

The judgment is affirmed.